UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Global Axcess Corporation,

    Plaintiff,

vs.                                           Case No.  3:05-cv-493-J-25MCR

Worldwide Communication Group, Inc., et. al.

    Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court on the Court's Order to Show Cause (Doc. 13) issued October 11, 2005.

On May 27, 2005, Plaintiff, Global Axcess Corporation ("Global Axcess"), filed a Complaint against Defendants Louis Simpson, Worldwide Communication Group, Inc. ("Worldwide"), and Docutel Service Bureau Corporation ("Docutel").  (Doc. 1).  On July 14, 2005, Defendants filed their Answer and Affirmative Defenses.  (Doc. 6).  The Answer and Affirmative Defenses was signed by Louis C. Simpson, the individual defendant in this action.  Accordingly, on July 19, 2005, the Court entered an Order informing Mr. Simpson that while he was free to proceed pro se, the corporate defendants could not appear pro se but were required to be represented by counsel. (Doc. 7).  The Order directed Defendants Worldwide and Docutel to employ counsel and file a notice of appearance on or before August 8, 2005.  (Doc. 7).  On August 8, 2005, Worldwide and Docutel, through Louis Simpson, sought an extension until

September 1, 2005 in which to comply with the Court's Order.  (Doc. 9).  The Court granted the motion.  (Doc. 10).  However, to date, no appearance of counsel has been entered and Defendants did not seek any further extensions.

On September 13, 2005, Plaintiff filed a Motion to Strike Answer and Affirmative Defenses and for Entry of Default (Doc. 11) asking the Court to either strike the answer of the corporate defendants or to direct the entry of a default against them for their failure to secure counsel.  (Docs. 11 and 12).  Defendants filed no response.  On October 11, 2005, the Court denied Plaintiff's Motion but entered an Order to Show Cause as to why default should not be entered against the corporate Defendants.  (Doc. 13).  The Order instructed Defendants to respond no later than October 28, 2005 and warned that failure to comply with the Order may result in the imposition of sanctions, including the entry of default.  (Doc. 13).  Despite this warning, Defendants did not file any response.

Accordingly, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Court directs the entry of default against Defendants Worldwide and Docutel for failure to otherwise defend and to comply with orders of this Court.  The Clerk is directed to enter a default against Defendants Worldwide and Docutel.  Thereafter, Plaintiff may apply to the Court for a judgment by default.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  2nd  day of November, 2005.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party